IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

HOSEA L KENDRICK                                                              PLAINTIFF

v.                                   Civil No. 4:19-cv-04016

TOMMI HASH, Jailer Nevada County Detention
Center; and PETER RUPE, Jailer Nevada County
Detention Center                                              DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff Hosea L Kendrick pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee.

### I. BACKGROUND

Plaintiff filed his Complaint on February 4, 2019, in the Eastern District of Arkansas. (ECF No. 1). The following day, the case was transferred to the Western District of Arkansas, Texarkana Division. (ECF No. 2). On February 11, 2019, the Court ordered Plaintiff to submit an *in forma pauperis* ("IFP") application and file an Amended Complaint to clarify his claims. (ECF No. 5). On March 8, 2019, Plaintiff filed his IFP application (ECF No. 7) and an Amended Complaint. (ECF No. 6). Plaintiff's application to proceed IFP was granted the same day. (ECF No. 8).

On March 11, 2019, Plaintiff advised the Court that he is no longer incarcerated and now resides in Stamps, Arkansas. The incidents giving rise to Plaintiff's Amended Complaint occurred while Plaintiff was incarcerated in the Nevada County Detention Center ("NCDC") for violation of his probation. (ECF No. 6, p. 3). Plaintiff has named Tommi Hash and Peter Rupe, jailors at

the NCDC, as Defendants. He refers to his claim as "medical". (ECF No. 6, p. 4). Specifically, Plaintiff states:

> When this happened, Tommi Hash be littled me in front of everybody in the pod. The very next day Peter Rupe did the same thing, and I took my jumpsuit off in front of everybody to prove that I did take my medication, and that it wasn't on my person. I felt embarrassed and humiliated, and that has caused mental anguish…
>
> From the actions that took place that day, I am constantly getting picked on by the other inmates, and by me suffering from PTSD and bipolar, that has caused me a lot of mental anguish, and I did not like that at all. Plus, I take my medication because I need, and a nurse not a jail should pass out meds.[1]

(ECF No. 6, p. 4-5). Plaintiff is suing Defendants in their individual and official capacities. He seeks both compensatory and punitive damages as well as additional equitable relief stating:

> I feel that I should be compensated for the mental anguish that I suffered, and the embarrassment that they caused. Also, I feel that they should be repremended or fired because I feel that the jailors shouldn't pass out medication. They should have a nurse on staff or each shift for that.

(ECF No. 6, p.7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully

---

[1] In Plaintiff's initial Complaint, he stated Defendants Hash and Rupe each confronted him and accused him of not taking his medications. (ECF No. 1, p. 4).

pleaded… to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Verbal Threats and Offensive Language

Plaintiff's claims that Defendants Hash and Rupe belittled, embarrassed, and humiliated him when they confronted him concerning whether he had taken his medication are frivolous. "Verbal threats do not constitute a constitutional violation." *Martin*, 780 F.2d at 1339. Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (use of racially offensive language in dealing with a prisoner does not, by itself, state a claim). Therefore, Plaintiff's claims regarding verbal harassment by Defendants Hash and Rupe are dismissed.

#### B. Denial of Medical Care

Plaintiff alleges he was denied medical care by Defendants Hash and Rupe when they, as jailors, passed out his medication. Plaintiff claims a nurse should be responsible for distributing medication.

The Eighth Amendment's prohibition against cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cty*, 684 F.3d

3

808, 817 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

For purposes of this order, the Court will assume Plaintiff suffers from serious medical needs and requires medication to treat these issues. However, Plaintiff's claim he was denied adequate medical care because Defendants—who are not medically trained personnel—passed out his medication is frivolous. *See Griggs v. Livermore*, Civil No. 13-5133, 2014 WL 979197, at *3 (W.D. Ark. March 13, 2014) ("There is no constitutional requirement that medication be disbursed only by trained medical personnel"); *Booker v. Herman*, Civil No. 06-178, 2006 WL 2457230, at *5 (N.D. Ind. Aug. 22, 2006) ("While it might be a good practice, tradition, or even state law to require that only medical staff can deliver medication, the Constitution does not prohibit guards from distributing medication to inmates. This allegation states no claim upon which relief can be granted"). Accordingly, Plaintiff's claims against Defendants Hash and Rupe for passing out his medication are dismissed.

### C. Official Capacity Claims

Under section 1983, a defendant may be sued in either his individual capacity, in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's

4

official capacity claims against Defendants are treated as claims against Nevada County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Nevada County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Other than alleging that NCDC's policy of having jailors—instead of nurses—pass out medications violates his constitutional rights, Plaintiff has not identified the existence of any policy, custom, or practice of Nevada County which contributed to a violation of his rights. As previously stated, there is no constitutional requirement that medication be disbursed only by trained medical personnel. Accordingly, Plaintiff's official capacity claims are dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's claims against Defendants Hash and Rupe in their individual and official capacities are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).

**This dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to place a § 1915 strike flag on the case.**

**IT IS SO ORDERED** this 25th day of March 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge